Howard L. KLEIN, as Trustee in Bankruptcy of Rich Guild Shirt Company, Inc., Plaintiff,

v.

E. W. REYNOLDS CO., INC., Defendant.

No. 72 Civ. 4049.

United States District Court,
S. D. New York.
March 26, 1973.

Sherman & Citron, New York City, for plaintiff; Arthur N. Ohringer, New York City, of counsel.

Hardee, Barovick & Konecky, New York City, for defendant; Joseph J. Santora and Peter Bierstedt, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This is a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of jurisdiction over the person of the defendant corporation. For the reasons hereinafter stated, the motion is granted.

Plaintiff sues to obtain payment for goods sold and delivered to defendant. Federal jurisdiction is based on diversity of citizenship. Jurisdiction over the defendant is predicated upon two alternative theories: that defendant is doing business and is, therefore, present in New York or that defendant transacted business in New York out of which transaction the cause of action arose. New York CPLR §§ 301 and 302(a)(1).

Upon the affidavits, and after hearing oral argument, it is clear that the defendant was not present in the State of New York when this action was commenced. Nor was defendant present at the time the cause of action arose. Although defendant opened a one-man branch office in New York subsequent to the sales here involved, it had closed that office before this action was commenced. Under these circumstances, the defendant cannot be deemed to be doing business and therefore present in New York for the purpose of acquiring jurisdiction over it.

It, therefore, becomes necessary to determine if defendant "transacted business" in New York so as to be sub-

ject to jurisdiction pursuant to CPLR § 302(a)(1). The transaction of business test does not require regular and systematic activities within the state, but it does require some purposeful activity within the state giving rise to at least some minimum contacts between the forum and the party over whom it is asserting jurisdiction. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); McKee Electric Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967).

Plaintiff is trustee in bankruptcy of Rich Guild Shirt Company, Inc. ("Rich") which apparently sold and delivered shirts to defendant. On June 25, 1970, purchase orders were delivered to Rich in New York by Francis J. Esgro, chairman of the board of defendant, who was in New York primarily to look after business affairs of Esgro, Inc., the defendant's parent. Plaintiff contends that these purchase orders constituted an offer which Rich accepted by shipping the merchandise so that the contract was executed in New York. Defendant, on the other hand, asserts that the purchase orders were delivered pursuant to a prior contract between Rich and defendant's parent, Esgro, Inc., which was negotiated and executed in California and which was to be governed by California law. Plaintiff's own papers indicate that shipments were made beginning June 18, 1970, yet the purchase orders which plaintiff contends constitute an offer are dated June 25, 1970. Thus, the proof presented compels the conclusion that a contract was made prior to June 25, 1970. In the absence of contrary evidence, the Court finds that the shipments were made pursuant to the contract between Rich and Esgro, Inc.

The only contact with New York is the aforementioned hand-delivery of the purchase orders in New York by Mr. Esgro. This single act is not sufficient contact with New York to give its courts personal jurisdiction over the defendant. See McKee v. Rauland-Borg Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967). It is clear that the sending of an order into the state even when it is essential to the formation of a contract is insufficient to give the New York courts personal jurisdiction. See M. Katz & Son Billiard Prod., Inc. v. G. Correale & Sons, Inc., 26 A.D.2d 52, 270 N.Y.S.2d 672 (1st Dep't 1966), aff'd 20 N.Y.2d 903, 285 N.Y.S 2d 871, 232 N.E.2d 864 (1967). Since this Court's jurisdiction is predicated upon the New York statute, we are without jurisdiction over the defendant.

Plaintiff further contends that the purchase orders provided that the goods were to be shipped F.O.B. New York. It is unclear whether plaintiff is correct; but even assuming *arguendo* that the shipments were made F.O.B. New York, this factor is not a purposeful act in New York sufficient to sustain jurisdiction. M. Katz & Son Billiard Prod., Inc. v. G. Correale & Sons, Inc., *supra* at 673.

The motion to dismiss the complaint is granted. Settle order on notice.