**MEDIA CORPORATION OF AMERICA, Plaintiff,**

v.

**MOTIF MANUFACTURING CO., INC., Defendant and Third-Party Plaintiff,**

**and**

**Ken W. Crocker, et al., Third-Party Defendants.**

**No. 80 Civ. 1718.**

United States District Court, S. D. New York.

Oct. 10, 1981.

Samuel Barr, Detroit, Mich., Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for third-party defendants WYTV, INC., WKBN Broadcasting Corp. and Vindicator Printing Co.; E. Michael Bradley, of counsel.

EDWARD WEINFELD, District Judge.

Third-party defendants WYTV, Inc., WKBN Broadcasting Corp. and Vindicator Printing Co. move for an order pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure dismissing the third-party complaint as against them on the ground that this Court lacks personal jurisdiction. Defendant and third-party plaintiff Motif Manufacturing Co. ("Motif") alleges that jurisdiction exists under the New York long arm provision C.P.L.R. § 302(a)(1) which allows jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services within the state."

Motif's claim against the third party defendants is based on a contract entered into between the parties on or about August 29, 1979. Under one of the terms of that contract each of the third-party defendants agreed to "indemnify, defend, and hold Motif harmless from and against all claims" made by anyone, including specifically the plaintiff in this action, Media Corporation of America ("MCA"), in relation to certain payments made by Motif. MCA subsequently sued Motif which in turn instituted the instant third-party complaint against the 108 television stations who signed the agreement, including the instant three third-party defendants, seeking indemnification as per the terms of the agreement. Each of the third-party defendants here is a television station located outside New York that does not broadcast into New York and does not do business within New York.

Motif first alleges that jurisdiction over these third-party defendants is proper under the first clause of § 302(a)(1) for the cause of action at issue is one that arose out of a transaction of business within the State of New York. *See McGowan v. Smith*, 52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981). It is clear however, based on uncontested facts submitted by affidavit, that the August 1979 agreement was entered into as the result of a letter offer sent to the individual third-party defendants from Motif's office in Detroit, Michigan and was entered into by conduct totally outside New York. Motif's cause of action for indemnity, therefore, does not arise from any transaction within New York and jurisdiction under this first clause of § 302(a)(1) cannot be found.

Alternatively, Motif contends that jurisdiction can be based on the second clause of § 302(a)(1) for each of the third-party defendants has contracted "to supply goods or services within the state." Motif argues that the August 1979 agreement to "indemnify, defend, and hold harmless" is a contract to provide a service in New York since the litigation triggering the obligation is located in New York. Motif cannot transmute this indemnity agreement into a contract to provide goods and services so as to come within the scope of the statute. The rule in New York is clear that an indemnity agreement alone does not provide a sufficient contact with New York simply because the underlying events that trigger the indemnification occur in New York. *See Ferrante Equipment Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280, 258 N.E.2d 202, 309 N.Y.S.2d 913 (1970); *Culp & Evans v. White*, 106 Misc.2d 755, 435 N.Y.S.2d 248 (1981).

Third-party defendants' motion to dismiss for lack of personal jurisdiction is granted.

So ordered.