■ RELIANCE INSURANCE COMPANY, Respondent, v AERODYNE ENGINEERS, INC., Appellant. [612 NYS2d 87] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Ruskin, J.), entered January 7, 1992 in Westchester County, which denied defendant's motion for summary judgment dismissing the complaint.

Planet Insurance Company insured Big S. Oil Company under a business auto policy. Plaintiff issued a contract of reinsurance to Planet. Thereafter, Big S. Oil misdelivered oil to a customer causing a spill and resultant damages which were paid by plaintiff. Plaintiff then commenced this action, as subrogee of Big S. Oil, claiming that defendant negligently installed the oil tanks where the spill occurred and that such negligence was the cause of the resulting spill. Defendant moved to dismiss the complaint, which motion was denied, and this appeal ensued. We reverse.

A contract of reinsurance is one of indemnity to the entity reinsured *(see, London Assur. Corp. v Thompson,* 170 NY 94). It is distinct and separate from the original insurance contract and no privity exists between the reinsurer and the original insured *(see, Pink v American Sur. Co.,* 283 NY 290). The reinsured remains solely responsible under the original insurance contract and it alone has a claim against the reinsurer *(see, supra; Insurance Co. v Park & Pollard Co.,* 190 App Div 388, *affd* 229 NY 631). Finally, the fact that a reinsurer pays a claim on behalf of the insured does not alter the relationships

between the parties. "[I]n such case the reinsurer is only the vehicle used by the insurer to pay the claim against its original policy" (71 NY Jur 2d, Insurance, § 1925, at 402, n 81). With these principles in mind, we agree with defendant's contention that plaintiff had no contractual obligation to Big S. Oil and thus no subrogation rights. Accordingly, defendant's motion for summary judgment dismissing the complaint was improperly denied.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.