■ CHASE MANHATTAN BANK, Plaintiff, v AXA REINSURANCE UK PLC et al., Defendants. (And a Third-Party Action.) NEW HAMPSHIRE INSURANCE COMPANY, Second Third-Party Plaintiff-Appellant, v REINSURANCE AUSTRALIA CORPORATION LIMITED, Second Third-Party Defendant-Respondent. [752 NYS2d 17] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 18, 2002, which, inter alia, granted the motion of second third-party defendant Reinsurance Australia Corporation Limited to dismiss the second third-party complaint on the ground of lack of personal jurisdiction, unanimously affirmed, with costs.

Plaintiff Chase Manhattan Bank undertook to fund certain films being produced in New York. Chase purchased insurance through, among others, defendant and second third-party plaintiff New Hampshire Insurance Company (NHIC) against losses related to this venture. In turn, second third-party defendant Reinsurance Australia Corporation Limited (ReAC),

reinsured 40% of the risk assumed by NHIC. The reinsurance agreement was negotiated in London through NHIC's London affiliate AIG (Europe) UK Limited (AIG) and ReAC's underwriting agent in London. The reinsurance agreement was executed and delivered in London.

The court properly dismissed NHIC's second third-party action against ReAC on the ground of lack of jurisdiction since, assuming arguendo that the reinsurance agreement incorporated the choice of forum provision of the underlying insurance policy, such policy required NHIC initially to commence its action respecting the rights and obligations of the parties to the reinsurance agreement in the Southern District Court of New York. Although that court has declined jurisdiction as to other parties in this action, its reasons for doing so were particular to those parties and appear to furnish no ground for declining jurisdiction over the parties to the second third-party action (*see General Star Intl. Indem. Ltd. v Chase Manhattan Bank*, 2002 WL 850012, 2002 US Dist LEXIS 7980 [SD NY, May 3, 2002]). NHIC may receive all the relief it seeks in a Southern District action by way of a declaratory judgment that ReAC must indemnify NHIC against 40% of any loss it incurs in the instant action.

The motion court properly found that Insurance Law § 1213 does not confer personal jurisdiction over ReAC. Section 1213 (b) (1) requires the acts necessary to confer jurisdiction to be "acts in this state, effected by mail or otherwise." Thus, had the reinsurance agreement been mailed to NHIC in New York, the statute would have conferred jurisdiction. However, merely providing reinsurance on a New York policy does not create jurisdiction (*see Matter of New York Cent. Mut. Ins. Co. v Johnson*, 260 AD2d 638, 639, citing *Birmingham Fire Ins. Co. of Pa. v KOA Fire & Mar. Ins. Co., Ltd.*, 572 F Supp 962).

Finally, CPLR 302 (a) (1) does not confer jurisdiction. A policy of reinsurance is essentially an indemnity agreement (*see Birmingham Fire Ins. Co. of Pa. v KOA Fire & Mar. Ins. Co., Ltd.*, 572 F Supp at 967; *Reliance Ins. Co. v Aerodyne Engrs.*, 204 AD2d 944) and "[t]he rule in New York is clear that an indemnity agreement alone does not provide a sufficient contact with New York simply because the underlying events that trigger the indemnification occur in New York" (*Media Corp. of Am. v Motif Mfg. Co., Inc.*, 524 F Supp 86, 87; *see also Ferrante Equip. Co. v Lasker-Goldman Corp.*, 26 NY2d 280, 284-285). Concur—Mazzarelli, J.P., Andrias, Saxe, Sullivan and Rosenberger, JJ.