**Mark PUTKOWSKI, Plaintiff,**

v.

**WARWICK VALLEY CENTRAL SCHOOL DISTRICT Defendants.**

**No. 04 CIV.8475 CM.**

United States District Court, S.D. New York.

March 30, 2005.

Barry D. Haberman, Esq., New City, NY, for Plaintiff.

Lewis R. Silverman, Rutherford & Christie, LLP, David W. Silverman, Granik Silverman and Hekker, New City, NY, for Defendants.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

MCMAHON, District Judge.

The plaintiff in this removed action, Mark Putkowski, claims that he was demoted from his former position as Director of Transportation of the Warwick Valley Central School District because the District got tired of accommodating an unspecified disability. He alleges two claims against the District: disability discrimination under § 504 of Rehabilitation Act, 29 U.S.C. § 794, and under the New York State Human Rights Law, N.Y. Executive Law § 290. For the reasons set forth below, the action must be dismissed.

BACKGROUND

The following allegations, drawn from the complaint, are presumed true on this motion to dismiss:

On June 11, 1996, Plaintiff was appointed to the position of the Director of Transportation for the Warwick Valley Central School District. On or about August 2, 1999, Plaintiff suffered a stroke and, as a result, took a leave of absence from his employment. In November 1999, Plaintiff returned to work part time. In January 2000, he returned to his full time work schedule.

Upon returning to work, Plaintiff requested some minor accommodations to assist him in the performance of his employment duties. Plaintiff does not specify what accommodations were requested, only that they were "minor" and "reasonable." The complaint alleges that the District furnished Plaintiff with these accommodations for the period July 1, 2000 and June 30, 2001.

On June 30, 2001, Plaintiff ceased to be Director of Transportation. The District moved him to the position of Head Mechanic. He assumed those duties on July 1, 2001.

Plaintiff states that, at the time his position changed, he was still qualified for the position of Director of Transportation, and that—with the accommodations requested—he possessed the requisite skills and necessary experience to perform his responsibilities. The plaintiff asserts that

the "demotion" to a lower paying position was because of his disability and the defendant's desire to stop providing the reasonable accommodations. (Cplt.¶ 16).

Plaintiff alleges that the demotion to Head Mechanic, a direct result of his disability, caused him to suffer the loss of compensation and benefits. He seeks reinstatement, from and back pay, restoration of lost fringe benefits, and damages for pain and suffering. (Cplt.¶ 25). Additionally, the plaintiff alleges that the Defendant, a recipient of Federal Funds as defined under 29 U.S.C. § 794(b), has the obligation not to discriminate against an otherwise qualified individual with respect to participation in the benefits of federally provided funds on the basis of his disability.

Plaintiff filed a Summons and Complaint commencing this action with the Orange County Clerk initiating this action on June 30, 2004, three years to the day after his last day on the job as Director of Transportation. Defendant timely removed this action to this court, which has original jurisdiction due to plaintiff's allegation of a federal claim under Rehabilitation Act.

Defendant now seeks to dismiss both causes of action for lack of personal jurisdiction (improper service) and failure to state a claim upon which relief can be sought [pursuant to the Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectively]. Defendant seeks dismissal of the claim under the Rehabilitation Act for three reasons: 1) failure to exhaust administrative remedies, 2) statute of limitations, and 3) Defendant's alleged immunity from suit pursuant to sovereign immunity granted by the Eleventh Amendment. It seeks dismissal of the State Human Rights Law claim for failure to file a notice of claim.

The statute of limitations and notice of claim arguments are dispositive of the matter. The complaint must be dismissed.

## STANDARD OF REVIEW

Dismissal of a complaint for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6) is proper "where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999). The test is not whether plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his claims. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in Plaintiff's favor. *EEOC v. Staten Island Sav. Bank*, 207 F.3d 144 (2d Cir.2000). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir.1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

**Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is Denied.**

Before considering the 12(b)(6) motion to dismiss, the court must address the preliminary questions of service and personal jurisdiction. "[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim." *Mende v. Milestone Technology, Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y.2003). It is a plaintiff's burden to establish the propriety of a court's exercise of personal jurisdiction over parties to the suit. *See In re*

*Commodore Int'l, Ltd.*, 242 B.R. 243, 250 (Bkrtcy.S.D.N.Y.1999) (citing *Falik v. Smith*, 884 F.Supp. 862, 864 (S.D.N.Y. 1995)). When a motion challenging personal jurisdiction is presented before discovery has been conducted on that issue, the plaintiff may defeat the motion by pleading a *prima facie* showing of personal jurisdiction over defendants. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir.1998); *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). All pleadings and affidavits "are construed in the light most favorable to plaintiff, and where doubt exists, they are resolved in plaintiff's favor." *Gmurzynska v. Hutton*, 257 F.Supp.2d 621, 625; *see also Mutualidad Seguros Del Instituto Nacional De Industria v. M.V. Luber*, No. 95 Civ. 10988(KMW)(LB), 1998 WL 1108936, at *1 (S.D.N.Y. Sep. 25, 1998); *Turbana Corp. v. M/V "SUMMER MEADOWS"*, No. 03 Civ.2099(HB), 2003 WL 22852742, at * 1 (S.D.N.Y. Dec.2, 2003) (not reported).

■ Once the plaintiff has made a threshold showing of minimum contacts and satisfaction of due process requirements to support the exercise of personal jurisdiction, the burden shifts to defendant to present compelling facts showing that personal jurisdiction is otherwise unreasonable. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 568 (2d Cir.1996).

Plaintiff commenced the action with the Clerk for Orange County by filing a Summons and Complaint in compliance with N.Y. CPLR § 311(a)(7). (Plaintiff's Exhibits 2, 3). Plaintiff served the school district by delivering the summons and complaint to a school officer, the district's clerk, Dorothy Wilson on October 7, 2004. The District moves to dismiss pursuant to 12(b)(2) for lack of personal jurisdiction. However, the District's memorandums are completely void of any argument for such motion. In fact, the District submits that "the summons and complaint were subsequently served on October 7, 2004, within the 120 days permitted under the C.P.L.R." (Def. Reply Mem. ¶ 3). Defendant's motion to dismiss under· Fed. R.Civ.P. 12(b)(2) must, therefore, be denied.

**Plaintiff's Claim under New York Human Rights Law (N.Y. Executive Law § 290) Dismissed for Failure to File Notice of Claim.**

■ Plaintiff's failure to file a notice of claim bars his claim under the New York State Human Rights Law. *Bloom v. New York City Bd. Of Educ., Teachers' Retirement System of City of New York*, 2003 WL 1740528, at *12 (S.D.N.Y.2003).

Pursuant to § 3813 of the Education Law of the State of New York a notice claim must be filed within ninety days of the alleged act of discrimination:

> No action or special proceeding, for any cause whatever ... or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education ... *unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim,* and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment..........

The New York Court of Appeals has clearly stated that this law means what it

says: "The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not disregard its pronouncement." *Parochial Bus Sys., Inc. v. Board of Educ.*, 60 N.Y.2d 539, 458 N.E.2d 1241, 470 N.Y.S.2d 564 (1983) (citations omitted). *See Rure Assoc., Inc. v. Dinardi Constr. Corp.*, 917 F.2d 1332 (2d Cir.1990).

The Court of Appeals recognizes only one exception to the notice requirement. "The prerequisites of subdivision 1 of section 3813 apply only to those actions which seek the enforcement of private rights, as opposed to those actions that seek vindication of a public interest." *Bloom v. New York City Board of Education Teachers' Retirement System of County of New York*, 2003 WL 1740528, at * 13 (S.D.N.Y. 2003); *see also Union Free School Dist. No. 6 v. New York State Human Rights Appeal Board*, 35 N.Y.2d 371, 362 N.Y.S.2d 139, 320 N.E.2d 859, 862 (1974) (holding that actions or proceedings which seek only enforcement of private rights and duties are subject to the notice-of-claim provisions against school district while such provisions are not applicable to actions seeking to vindicate a public interest).

Plaintiff's complaint does not allege that he has satisfied the notice of claim requirement, and in response to the District's motion plaintiff has not proved compliance with the requirement. Plaintiff certainly does not fall within the exception to the requirement. He is not challenging a policy that, if overruled, would vindicate a public interest. Instead, the plaintiff seeks a monetary award because he was not provided with allegedly reasonable accommodations requested after his stroke, and was wrongfully demoted to a lower paying position. Like the plaintiff in *Bloom*, Mr. Putkowski's complaint alleges discriminatory conduct directed at him alone as a result of his stroke and he seeks monetary relief of back pay, front pay, health and pension benefits and personal pain and suffering. (Cplt.¶ 25). The court in *Bloom* held that plaintiff was only seeking to vindicate a private right where her allegation was that defendants did not provide her with a reasonable accommodation, wrongfully terminated her employment, and a monetary award due to her alone. *Id.* at *14; *see also Picciano v. Nassau County Civil Serv. Comm'n*, 290 A.D.2d 164, 169, 736 N.Y.S.2d 55, 60 (2d Dep't 2001) (noting that "the disposition of the plaintiff's case will not directly affect the rights of others, particularly since the extent of his alleged disability and any job accommodations would be an individualized determination").

Plaintiff's state law claim is dismissed with prejudice.

**Defendant's Motion To Dismiss The Plaintiff's Rehabilitation Act As Time-Barred Is Granted.**

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits discrimination against qualified handicapped individuals by programs receiving certain government funding.

To state a claim for violation of the Rehabilitation Act, plaintiff must prove that he is: (1) disabled within the meaning of the Act, (2) that he is otherwise qualified for the position, (3) that he is excluded from that position solely because of his disability, and (4) that the program sponsoring the position receives federal funding. *Kemer v. Johnson*, 900 F.Supp. 677 (S.D.N.Y.1995). Plaintiff states that he suffered impairment of major life functions as defined by the Rehabilitation Act as a result of a stroke suffered on August 2, 1999. Plaintiff does not plead specific

facts verifying his "handicap" under the Rehabilitation Act other than to plead that he "suffered a disability as defined by New York Executive Law § 292(21)."(Cplt.¶ 9). Such a conclusory pleading fails to state a claim on which relief may be granted.

Ordinarily, I would dismiss with leave to replead. However, plaintiff's Rehabilitation Act claim is clearly barred by the statute of limitations. As a result, I must dismiss the claim with prejudice.

■ Because the Rehabilitation Act does not have its own statute of limitations, the timeliness of plaintiff's claims is measured by New York's statute of limitations applicable to personal injury actions. *Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir.1992). Under New York personal injury actions, the relevant period is three years from the date of injury, N.Y.Civ. Prac. L. & R. § 214(5) (McKinney 1990). In a case involving loss of employment or an employment benefit (including a case alleging wrongful demotion), the claim accrues on the date the plaintiff learned of the act that gave rise to his claim. If that date differs from the date on which the employer's action becomes effective—if, for example, an employee is told on Monday that he is fired effective the end of the week, and his last day of work is the following Friday—his claim accrues on Monday, not on Friday.

The law on this point is quite clear. In *Morse*, the Second Circuit made clear that "the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision." *Morse*, 973 F.2d at 125 (citing *O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir.1985)). The Supreme Court instructed "the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (emphasis in original) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980)).

■ Plaintiff filed his complaint on June 30, 2004. According to him, his complaint was timely because he relinquished his position as Director of Transportation on June 30, 2001—three years earlier—and assumed the lesser position of Head Mechanic on July 1, 2001. However, those are the days on which the consequences of the District's alleged discrimination became painful. Unless plaintiff establishes that he was first notified of the District's decision to demote him on July 1, 2001— the day he took the lesser job—his claim is not timely filed.

■ Unfortunately for plaintiff, he has not satisfied his burden. The complaint does not allege when plaintiff first became aware of the decision to demote him, as the law required. But the record on the motion establishes beyond peradventure that plaintiff was first notified of the decision to have him assume the job of Head Mechanic on May 11, 2001. Indeed, defendant attaches to its motion a May 11, 2001 letter written by plaintiff in which he agrees to leave his position as Director of Transportation and assume the position of Head Mechanic. If that letter was written on the very day plaintiff was first asked to change jobs, he was required to file his complaint by May 10, 2004—more than a month and a half before he did so.[1] If, as

---

1. The purpose of the permitting a motion to dismiss because the statute of limitations has run is to prevent a party who has been belatedly sued from incurring the expense of defending a stale claim. Thus, if challenged by such a motion, a plaintiff cannot hide behind the allegations of his complaint. He must establish that his claim is not time-barred, or

I suspect, the May 11, 2001 letter was the product of some prior negotiations with plaintiff, his claim accrued even earlier. I need not resolve that issue in order to dispose of the motion and dismiss the complaint, because defendant's acknowledgment of the District's intent to force him into a lesser job—found on the face of the May 11 letter—establishes that this lawsuit was filed too late.

Because the statute of limitations argument disposes of the claim, I need not reach the District's other arguments. I am constrained to note, however, that they lack merit.

The motion to dismiss is granted and the complaint is dismissed with prejudice.

at least raise a question of fact that could be resolved at a traverse hearing. This plaintiff has not done so—and apparently could not do so, since the May 11, 2001 letter was written by him to the District, not by the District to him.