204 F.3d 1003 (10th Cir. 2000)
 JOANNE B. MIGNEAULT, Plaintiff-Appellee,
v.
RICHARD PECK, President; DAVID L. McKINNEY, Vice President for Business and Finance; PAUL ROTH, M.D., Dean of the School of Medicine; ROMEO ORTIZ, Director of Human Resources, Defendants,
and
UNIVERSITY OF NEW MEXICO; JANE E. HENNEY, M.D., Vice President for Health Sciences, Defendants-Appellants,
UNITED STATES OF AMERICA, Intervenor,
AMERICAN ASSOCIATION OF RETIRED PERSONS, Amicus Curiae.
 No. 97-2099
 UNITED STATES COURT OF APPEALS TENTH CIRCUIT
 February 25, 2000
 
 Donna L. Dagnall, Albuquerque, New Mexico, for Plaintiff-Appellee.
 Paula I. Forney of Law Offices, Santa Fe, New Mexico, for Defendants-Appellants.
 Seth M. Galanter (Jessica Dunsay Silver with him on the brief), Department of Justice, Washington, D.C., for the Intervenor.
 Cathy Ventrell-Monsees and Laurie A. McCann of American Association of Retired Persons, Washington, D.C., on the brief for Amicus Curiae.
 Before BRORBY, McKAY, and PORFILIO, Circuit Judges.
 OPINION ON REMAND
 BRORBY, Circuit Judge.
 
 
 1
 In Migneault v. Peck, 158 F.3d 1131, 1139 (10th Cir. 1998), we concluded the district court correctly denied Eleventh Amendment immunity to the University of New Mexico ("University") against Ms. Migneault's Age Discrimination in Employment Act ("ADEA") claim. In so holding, we followed Tenth Circuit precedent established in Hurd v. Pittsburg State University, 109 F.3d 1540, 1546 (10th Cir. 1997), that "Congress validly abrogated Eleventh Amendment immunity by exercising its authority under the Fourteenth Amendment to enact the ADEA and by indicating its intent to abrogate." Migneault, 158 F.3d at 1136. Although we acknowledged a split in the circuits on the issue of whether the Supreme Court's decision in City of Boerne v. Flores, 521 U.S. 507 (1997) superseded our holding in Hurd, we joined the majority of other circuits that had addressed the issue and held that City of Boerne did not alter our prior decision "that Congress acted within its authority under the Fourteenth Amendment to abrogate Eleventh Amendment immunity from suits under the ADEA." Migneault, 158 F.3d at 1139. The Supreme Court, in a plurality opinion, has now resolved the split in the circuits, holding that while "the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, ... the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment." Kimel v. Florida Board of Regents, 528 U.S. ___, 120 S.Ct. 631, 634 (2000). Accordingly, the Supreme Court vacated our decision in Migneault, University of New Mexico Bd. of Regents v. Migneault, ___ U.S. ___, 120 S.Ct. 928 (Jan. 18, 2000), and remanded for further consideration in light of Kimel.
 
 
 2
 Having carefully considered Ms. Migneault's ADEA claim in light of Kimel v. Florida Board of Regents,[1] we conclude she cannot maintain her suit against the University, a state employer. We therefore REVERSE the district court's denial of Eleventh Amendment immunity to the University and remand for further proceedings consistent with the opinion of the United States Supreme Court.
 
 
 3
 The mandate shall issue forthwith.
 
 
 
 NOTES
 
 
 [1]
 We note Kimel involved only the issue of whether Congress validly abrogated the States' Eleventh Amendment immunity under the ADEA. It did not address that portion of our Migneault opinion dealing with Ms. Migneault's 42 U.S.C. § 1983 claim against Dr. Jane Henney. Accordingly, we reaffirm our holding that Ms. Migneault does not have a cognizable age discrimination claim under the Equal Protection Clause, independent of the ADEA.