Karen BENDEL, Plaintiff,

v.

WESTCHESTER COUNTY HEALTH CARE CORPORATION, Edward Stolzenberg, Virginia Heaney, Cheryl Gainer and Joanne Crawford, Defendants.

No. 99 CIV. 10824(BDP).

United States District Court, S.D. New York.

Aug. 17, 2000.

Nancy Ledy–Gurren, Ledy–Gurren & Blumenstock, LLP, New York City, for Plaintiff.

Neil H. Abramson, Proskauer Rose, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Plaintiff Karen Bendel ("plaintiff" or "Bendel") commenced this action against defendants Westchester County Health Care Corporation ("Westchester County" or the "hospital"), Edward Stolzenberg ("Stolzenberg"), Virginia Heaney ("Heaney"), Cheryl Gainer ("Gainer") and Joanne Crawford ("Crawford") under 42 U.S.C. § 1983 (" § 1983") and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 *et seq.* (McKinney's 1993).

After filing the initial complaint, plaintiff was granted leave to replead and served an amended complaint (the "Amended Complaint") on December 23, 1999. Defendants move to dismiss the Amended Complaint on the grounds that it fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). In addition, defendants contend that the state law claim should be dismissed for lack of supplemental jurisdiction. For the reasons set forth below, defendant's motion is denied, except that it is granted as to defendant Crawford.

## BACKGROUND

For purposes of deciding this motion, the Court is obligated to construe the pleadings in plaintiff's favor, and to accept as true all factual allegations in the Amended Complaint. *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998); *Serrano v. 900 5th Avenue Corp.,* 4 F.Supp.2d 315, 316 (S.D.N.Y.1998). The following facts are construed accordingly.

Bendel, a fifty-seven year old woman diagnosed with breast cancer, had been an employee of Westchester County for nearly twenty-two years until her resignation in late 1999. As Chief Perfusionist of the hospital, she was responsible for supervising other perfusionists—health care pro-

fessionals trained to operate bypass machinery during open-heart surgery.

Plaintiff contends that Stolzenberg, the Chief Executive Officer of Westchester County, Gainer, its Chief Operating Officer, and Heaney, its senior Vice President, created and implemented a policy, the purpose of which was "to separate Karen Bendel from her position as Chief Perfusionist at Westchester Medical Center" and to replace her with employees who were younger, did not suffer any physical disabilities, and were politically and socially connected to defendants Stolzenberg, Heaney and Gainer. Amended Complaint at ¶¶ 20–24.

The implementation of this policy against plaintiff allegedly peaked in August 1997, when a perfusion accident occurred involving a newborn infant. Though Bendel was not present in the operating room, she alleges that following the accident, she was singularly subjected to a campaign of harassment and intimidation by management officials, and that other hospital employees—including the perfusionist responsible for the accident—were only mildly reprimanded, if at all. Specifically, the Amended Complaint alleges that defendants improperly invoked disciplinary proceedings against plaintiff in order to make her the scapegoat for the August 1997 accident, despite the fact that the perfusionist in charge of the operating room at the time of the accident was not subjected to discipline and the perfusionist who was actually involved in the accident was merely required to take further training.[1] The proceedings were conducted before a hearing officer selected by the hospital, and, after a full evidentiary hearing wherein Bendel participated in her de-

fense, plaintiff was exonerated of all charges in September 1999.

Upon learning of the hearing officer's determination, Westchester County, through its agent defendant Crawford, informed plaintiff that it would reject the conclusions of the disciplinary proceedings, and that it intended to invoke another set of disciplinary proceedings against Bendel for the alleged late filing of certain administrative forms. Defendants then offered to accept the hearing officer's determination and forgo the second proceeding only if plaintiff would agree to accept an early retirement program and resign. Although Bendel continued to perform her duties as Chief Perfusionist, she claims to have been unable to reasonably withstand the continued "harassment, intimidation and emotional suffering," and resigned shortly thereafter on October 27, 1999 under circumstances she claims amounted to a constructive discharge. Amended Complaint at ¶ 57.

The Amended Complaint contains four claims[2] against each defendant and charges defendants Stolzenberg, Heaney, Gainer and Crawford in their official and individual capacities. Claims 1 through 3 allege that defendants' actions violated plaintiff's constitutional rights under color of state law. See 42 U.S.C. § 1983. The first claim alleges that defendants' conduct deprived plaintiff of her substantive due process rights under the Fourteenth Amendment. The second claim alleges that defendants constructively discharged plaintiff on the basis of her age and disability, violating her rights to equal protection. The third claim also alleges a violation of plaintiff's equal protection rights, stating that defendants' selective invocation of disciplinary proceedings against

**1.** In addition, plaintiff contends that no other employee associated with the accident was subjected to any formal discipline, including, *inter alios,* the director of the Heart Program (plaintiff's supervisor), the nurses in the operating room (who failed to create an incident report), the physicians in the operating room, and the person in charge of Risk Management. Each of these employees were either given a letter of reprimand without formal charges, or were not subject to any discipline or inquiry at all.

**2.** Plaintiff has withdrawn her claim under the New York State Constitution for denial of substantive due process.

Bendel—rather than against any of the other employees involved with the perfusion accident—evidenced a malicious intent to injure plaintiff. The last claim is a state law claim brought pursuant to NYHRL § 296, charging unlawful employment discrimination on the basis of age and disability.

Before this Court is defendants' motion to dismiss the Amended Complaint on the grounds that it fails to state claims under § 1983 or the NYHRL. Defendants also contend that each of the § 1983 claims against Westchester County and the individual defendants in their official capacities should be dismissed because plaintiff has failed to plead that a constitutional injury resulted from a municipal policy or custom, as required by *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In any event, defendants argue that all § 1983 claims against the individual defendants in their personal capacities should be dismissed because plaintiff fails to allege that they were personally involved and because they are entitled to absolute and/or qualified immunity as a matter of law. Finally, defendants claim that in the absence of any remaining federal claims, this Court should not exercise supplemental jurisdiction over plaintiff's state law claim.

## DISCUSSION

The burden to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is substantial. "A district court may grant a motion to dismiss for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Tarshis v. Riese Organization*, 211 F.3d 30, 33 (2d Cir.2000) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Second Circuit has carefully adhered to this rule against the granting of a motion to dismiss, "particularly in civil rights actions." *Tarshis*, 211 F.3d 30, 33; *see also Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995). Accordingly, this Court must draw all inferences in the light most favorable to the plaintiff. *See Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999).

### I. § 1983 Claims

#### A. Constitutional Violation

■ To prevail on a § 1983 claim, a plaintiff must show (1) conduct attributable to a person acting under color of state law, and (2) conduct that deprived plaintiff of a right secured by the Constitution or the laws of the United States. *Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 137 (2d Cir.1999); *see Richardson v. McKnight*, 521 U.S. 399, 403, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997).

Defendants do not contest the first requirement, but question whether plaintiff has sufficiently alleged a constitutional violation. Reading the Amended Complaint most favorably to plaintiff, this Court finds that the facts as pled adequately state a violation of her substantive due process and equal protection rights under the Fourteenth Amendment of the United States Constitution.

■ Plaintiff alleges that defendants' invocation of disciplinary proceedings without basis, their expressed intention to disaffirm the hearing officer's conclusions exonerating Bendel, and their actions intending to injure plaintiff by forcing her to retire from the hospital were arbitrary, irrational and "shocked the conscience." These allegations, when liberally viewed, state a claim for a violation of substantive due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (the substantive due process clause is violated when governmental conduct "can be properly characterized as arbitrary, or conscience shocking...") (internal quotations omitted).

■ In order to state a claim under § 1983 for violation of equal protection for

selective enforcement, plaintiff must allege "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations." *Latrieste Restaurant v. Village of Port Chester*, 188 F.3d 65, 69 (2d Cir.1999) (internal quotations omitted). The Amended Complaint alleges that Bendel was similarly situated with other perfusionists and employees of the hospital, and that she was selectively treated with malicious intent to injure. `See Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir.1995) (equal protection claim proper where selective treatment was motivated by a "malicious or bad faith intent to injure the person.") (internal quotations omitted). Further, plaintiff alleges in the Amended Complaint that she was selectively treated on the basis of age and disability.[3] As it is not the function of this Court to make evidentiary determinations, but to merely "assess the legal feasibility" of the Amended Complaint, *Cooper*, 140 F.3d at 440, the Court finds that plaintiff adequately states claims for denial of her equal protection rights.

Defendants also contest the viability of plaintiff's Fourteenth Amendment claims by questioning whether plaintiff was constructively discharged from her position as Chief Perfusionist. A constructive discharge occurs when the employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir.1983). Here, defendants' assertion is premature as an evidentiary predicate is necessary to determine whether this standard, in fact, is met.

### B. § 1983 Claims Against Westchester County and Individual Defendants in Their Official Capacities

■ Defendants contend that the § 1983 claims must be dismissed against Westchester County and each of the individual defendants in their official capacities because plaintiff has failed to allege a policy or custom as required by *Monell*. In that seminal case, the Supreme Court held that in order for municipalities to be held liable under § 1983, plaintiff must show that "a municipal policy or custom caused the deprivation" in question. *Wimmer*, 176 F.3d at 137 (internal quotations omitted); *see Monell*, 436 U.S. at 694, 98 S.Ct. 2018. The policy or custom need not be expressed in an explicit rule or regulation, but may be embodied in actions by an official "whose edicts or acts may fairly be said to represent official policy and whose decisions therefore may give rise to municipal liability under § 1983." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (internal quotations omitted) (citations omitted).

---

**3.** This Court is mindful that our Court of Appeals has not yet decided upon the issue of whether plaintiff's equal protection claim for age and disability discrimination is preempted by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, or the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and that other Circuits have ruled that such claims are preempted by those federal statutes. *See, e.g., Zombro v. Baltimore*, 868 F.2d 1364 (4th Cir.1989); *Lafleur v. Texas Dep't of Health*, 126 F.3d 758 (5th Cir.1997); *Migneault v. Peck*, 204 F.3d 1003 (10th Cir. 2000); *Holbrook v. City of Alpharetta*, 112 F.3d 1522 (11th Cir.1997). However, given that a number of district courts in this Circuit have allowed similar claims to proceed, *see, e.g., Campbell v. City University Construction Fund*, No. 98 Civ. 5463, 1999 WL 435132, *5 (S.D.N.Y. June 25, 1999); *Jungels v. State University College of New York*, 922 F.Supp. 779, 785 (W.D.N.Y.1996); *Reed v. Town of Branford*, 949 F.Supp. 87, 89–90 (D.Conn. 1996); *Essen v. Board of Educ. of the Ithaca City School District*, No. 92 Civ. 1164, 1996 WL 191948, *9 (N.D.N.Y. April 15, 1996) (finding no preemption, but dismissing disability claim on merits), this Court believes it is appropriate to allow plaintiff's § 1983 equal protection claim based upon age and disability discrimination to go forward. *See also Annis v. County of Westchester*, 36 F.3d 251 (2d Cir.1994) (holding that in a § 1983 case for employment discrimination, Title VII is not the exclusive remedy for sexual discrimination claims against state or municipal employers).

■ Here, plaintiff has satisfactorily pled the existence of a policy by alleging that Stolzenberg, Heaney and Gainer— purported to be high-level employees with decision-making authority—created and implemented a policy to effect a "changing of the guard" at the hospital and to replace plaintiff with other employees who were younger, did not suffer any physical disabilities, and were politically and socially connected to the individual defendants. Plaintiff also alleges that the implementation of this policy caused her injury by making her working conditions sufficiently unbearable to coerce her resignation. Whether the evidence will support the existence of such a policy or will reveal it merely to be a series of discrete and unrelated acts unattributable to Westchester County is not a determination that can properly be made on a motion directed to the pleadings.

■ However, as plaintiff does not allege anywhere in the Amended Complaint that defendant Crawford created or implemented this policy, or possessed the requisite authority to establish policy on behalf of Westchester County, this Court finds that all § 1983 claims against defendant Crawford in her official capacity must be dismissed. *See Pembaur,* 475 U.S. at 483, 106 S.Ct. 1292 ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").

C. § 1983 Claims Against Individual Defendants in Their Personal Capacities

■ Defendants contend that the § 1983 claims against each of the defendants in their personal capacities should be dismissed. To maintain such a claim, plaintiff must allege that defendants "directly participated in the violation [or that they] failed to remedy the violation after learning of it through a report or appeal," *Wimmer,* 176 F.3d at 137 (internal quotations omitted), or exercised "gross negli-

gence in managing subordinates." *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996). Accordingly, "the general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required." *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989).

■ Here, plaintiff has properly pled that defendants Stolzenberg, Heaney and Gainer knowingly and directly participated in allegedly violating Bendel's constitutional rights by, *inter alia,* creating the policy at issue, instituting disciplinary proceedings, and disaffirming the hearing officer's conclusions. Accordingly, plaintiff may maintain an action against those defendants in their personal capacities. As to Crawford, however, the sole reference to her is in a cursory one in paragraphs 48 and 49 of the Amended Complaint, stating that she informed Bendel of Westchester County's decision to disaffirm the hearing officer's conclusions and to institute a second set of disciplinary proceedings. Plaintiff has not alleged that Crawford was involved in the formulation or implementation of the policy to discharge Bendel, that she had any contact with the other defendants in this matter, or that she was aware of the alleged conduct in question. Accordingly, plaintiff has failed to state a claim under § 1983 against Crawford in her personal capacity.

In addition, as the applicability of immunity is generally a fact-specific inquiry, *see King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999) (dismissal of civil rights action on grounds of defendant's absolute and qualified immunity held to be "premature absent development of record"), defendants' contention that their actions are immune from suit cannot properly be determined at this juncture.

II. New York State Law Claim [4]

In order to establish a *prima facie* case of age or disability discrimination under

---

4. As this Court has not dismissed the federal    claims in this action, defendants contention

the NYHRL, plaintiff's burden to show that the alleged circumstances give rise to an inference of discrimination is "minimal." *See Galabya v. New York City Board of Education*, 202 F.3d 636, 639 (2d Cir.2000) (plaintiff must show circumstances that give at least "minimal support to an inference of discrimination"); *Hardy v. General Electric*, 270 A.D.2d 700, 705 N.Y.S.2d 97, 100 (3d Dep't 2000) (stating "plaintiff's initial burden 'is not a significant hurdle' ") (citations omitted); *see also Reeves v. Johnson*, 140 F.3d 144 (2d Cir.1998). Here, plaintiff has sufficiently pled facts that could raise an inference of age and disability discrimination against Westchester County, Stolzenberg, Heaney and Gainer. However, as plaintiff has not alleged any facts implicating Crawford, the claim of employment discrimination against Crawford under the NYHRL is dismissed.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is denied as to defendants Westchester County, Stolzenberg, Heaney and Gainer, and granted as to defendant Crawford. The Amended Complaint against defendant Joanne Crawford is dismissed.

The parties are instructed to complete all discovery by February 1, 2001. Pretrial papers required by the Court's rules shall be filed by February 19, 2001. A Final Pretrial conference will be held on February 23, 2001 at 2:00 p.m.

SO ORDERED:

concerning the exercise of supplemental jurisdiction is inapplicable.