Patricia **WEATHERS**, as parent and natural guardian of minor plaintiff, Michael M., Plaintiff,

v.

**MILLBROOK CENTRAL SCHOOL DISTRICT, Elaine Zucci, Ph.D. Lynne Liptay, M.D., Julia Speicher, M.D., Linda Beyer, Fred Merz and Smith-kline Beecham Corporation d/b/a GlaxoSmithKline, Inc., Defendants.**

No. 02 CIV. 7622(WCC).

United States District Court, S.D. New York.

April 19, 2006.

---

Sherman Silverstein Kohl Rose & Podolsky, P.A., Attorneys for Plaintiff, Pennsauken, NJ, Alan C. Milstein, Esq., Michael Dube, Esq., Of Counsel.

Ford Marrin Esposito Witmeyer & Gleser, LLP, Attorneys for Defendant Elaine Zucci, New York, NY, Joseph D'Ambrosio, Esq., Stuart C. Levene, Esq., Nicole Mastropieri, Esq., Of Counsel.

## *OPINION AND ORDER*

WILLIAM C. CONNER, Senior District Judge.

Plaintiff Patricia Weathers, as parent and legal guardian of her minor son, plaintiff Michael M. ("Michael"), brings the instant action against defendants: (1) Millbrook Central School District ("Millbrook" or the "School District"); (2) Fred Merz, the principal of Millbrook Central Elementary School; (3) Linda Beyer, the former School District Director of Pupil Personnel Services; (4) Elaine Zucci, Ph.D., a former licensed school psychologist at Millbrook; (5) Lynne Liptay, M.D.; (6) Julia Speicher, M.D.; and (7) SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"). The Amended Complaint charges a host of claims arising out of Michael's prescribed ingestion of Ritalin and Paxil in order to

control diagnosed attention deficit and social anxiety disorders.[1] Millbrook, Merz and Beyer (collectively, the "School District defendants") specifically are accused of negligence, failure to procure informed consent and constitutional violations under § 1983.[2] The Amended Complaint alleges Michael suffered physical and emotional harm as a result of the School District defendants' demands that he take medication in order to attend school, thereby depriving him of his rights to liberty and bodily integrity.

The School District defendants originally moved for summary judgment on the grounds that plaintiff had released them from all claims arising out of Michael's education. By Opinion and Order dated July 2, 2003, this Court denied that motion, as well as a motion to dismiss by Drs. Liptay and Speicher under FED. R. CIV. P. 12(b)(1). The School District defendants now move to dismiss the claims against them pursuant to FED. R. CIV. P. 8(a) and 12(c). For the reasons stated herein, that motion is granted.

## BACKGROUND

The following facts are briefly digested from the prior Opinion in this case, familiarity with which is presumed. In June 1997, Michael's first-grade teacher, in accordance with the policy and practices of the School District, filled out an ADD–H:

Comprehensive Teaching Ratings Scale report on Michael, reflecting her suspicisions that Michael had learning and behavioral problems. (Am. Complt. ¶ 20.) That report was forwarded to Dr. Liptay,[3] Michael's pediatrician, who diagnosed Michael with Attention Deficit Hyperactivity Disorder ("ADHD") and prescribed Ritalin.[4] (Id. ¶¶ 20, 23.) The Amended Complaint alleges that neither Michael nor his mother "gave voluntary informed consent to the drugging." (Id. ¶ 24.)

Michael began experiencing adverse effects from the medication over the course of the next two years, causing Dr. Liptay to switch his medication from Ritalin to Dexedrine. (Id. ¶¶ 26–35.) However, the adverse effects continued, (id. ¶ 40), prompting Dr. Zucci to suggest that Michael see Dr. Speicher, a licensed psychiatrist. (Id. ¶ 41.) Dr. Speicher diagnosed Michael with social anxiety disorder and prescribed Paxil on top of the Dexedrine. (Id. ¶ 43.) According to the Amended Complaint, Dr. Speicher "knew or should have known" that Paxil had not been approved for use by children. (Id. ¶ 44.)

Shortly after taking both Paxil and Dexedrine, Michael began experiencing sleep and behavioral problems, including insomnia and "frenzied and anxious behavior." (Id. ¶ 45.) Within a month, Dr. Speicher discontinued the Paxil. (Id. ¶ 47.) As Michael's behavior worsened he began to

---

1. Plaintiff filed her Amended Complaint on April 21, 2005, which added charges of failure to warn, negligence, breach of warranty and products liability against GSK as the manufacturer of Paxil.

2. Dr. Zucci was dismissed without prejudice by stipulation dated June 30, 2004.

3. Plaintiff also alleges that Millbrook's Committee on Special Education ("CSE") failed to forward Michael's "Freedom from Distractability Index" results and "ignored" a possible visual-motor deficiency that "may" have contributed to Michael's perceived learning prob-

lems. (Am. Complt. ¶¶ 21–22.) However, plaintiff brings no cause of action under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1401 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., or Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.

4. Dr. Liptay prescribed that one five-milligram Ritalin pill be taken in the morning and during lunch. (Am. Complt. ¶ 23.) There is no allegation in the Amended Complaint that any School District personnel dispensed the Ritalin to Michael.

complain of hearing voices in his head. (*Id.* ¶¶ 49–50.) On December 6, 1999, Dr. Zucci and Merz recommended to Michael's parents that Michael continue to be treated by Dr. Speicher until he could be properly medicated, and that hospitalizing him until that time may be appropriate. (*Id.* ¶¶ 51–53.) Dr. Speicher informed Weathers that hospitalization was appropriate in order to adjust the medication without Michael experiencing behavioral episodes while at school. (*Id.* ¶ 54.)

Despite this advice, Weathers took her son off all of the medications on December 16, 1999. (*Id.* ¶ 55.) In January 2000, the School District defendants informed Michael's family that the School District had nothing more to offer and that " 'a different placement was probably the best solution.' " (*Id.* ¶ 57.) On January 28, 2000, Beyer informed Michael's family, in contravention of Millbrook's own guidelines, that the School District would not support the previously approved homebound instruction program for Michael because his absence from school was not due to a medical reason. (*Id.* ¶¶ 64–65.) Plaintiff alleges that in a subsequent conversation Beyer threatened to call and thereafter in fact did call Child Protective Services, which charged plaintiff with neglecting Michael's educational and medical needs. (*Id.* ¶¶ 66–69.) Beyer later demanded that Michael undergo an immediate psychiatric evaluation, which was completed in March 2000 and concluded that Paxil induced the psychotic disorder. (*Id.* ¶¶ 71–72.)

Michael currently receives homebound instruction in addition to attending a private school. (*Id.* ¶¶ 70, 73.) His behavior appears to be normal. (*Id.* ¶ 73.) In June 2001, Michael's parents requested a State Education Department hearing for the purpose of determining the appropriateness of the public education offered by the School District. (Weathers Aff. ¶¶ 2.) In September 2001, an impartial administrative hearing was held, at the conclusion of which Michael's parents signed a release of the School District, the scope of which remains in dispute following this Court's Opinion and Order denying summary judgment for the School District defendants on the ground that plaintiff released them.

## DISCUSSION

### I. *Standard of Review*

Under Fed. R. Civ. P. 8(a), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Second Circuit has explained that the

> statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial . . . . The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)). "When a complaint violates Rule 8(a), the court may, *sua sponte* or on defendant's motion, strike repetitive or irrelevant portions or dismiss the complaint." *Sathianathan v. Smith Barney, Inc.*, No. 04 Civ. 7122, 2006 WL 538152, at *12 (S.D.N.Y. Feb.24, 2006) (internal quotations omitted). "Dismissal is usually warranted only in cases where 'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Sleigh v. Charlex, Inc.*, No. 03 Civ. 1369, 2004 WL 2126742, at *8 (S.D.N.Y. Sept. 14,

2004) (quoting *Salahuddin,* 861 F.2d at 42).

■ The governing standard for a grant of judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is identical to the standard applied when considering a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. *See King v. Am. Airlines, Inc.,* 284 F.3d 352, 356 (2d Cir.2002) (quoting *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999)). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001). A complaint should not be dismissed under Rule 12(c) unless it appears that the plaintiff "cannot state any set of facts that would entitle him to relief." *Id.* Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal under Rule 12(c). *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed.1997). In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference. *See* FED. R. CIV. P. 10(c); *De Jesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 69 (2d Cir.1996).

## II. *Analysis*

### A. *Section 1983*

The claims leveled in this action bear remarkable similarity to those alleged by the same plaintiff's counsel in *Myslow v. New Milford School District,* which the court in that case described accurately as "yet another unfortunate example of scattershot litigation." No. 03 Cv. 496, 2006 WL 473735, at *1 (D.Conn. Feb.28, 2006). As in *Myslow,* plaintiff here asserts that she is entitled to damages from the School District defendants for having coerced

Weathers into medicating her son in violation of his right to personal liberty and bodily integrity. And, as in that case, plaintiff relies heavily on a student-written law review piece "opining that '[f]orcing children to take medication such as Ritalin for the sole purpose of controlling disruptive behavior in school violates their constitutionally protected liberty interest in privacy and bodily integrity.'" *Myslow,* 2006 WL 473735, at *13 (quoting Note, *Stimulant Drug Therapy for Hyperactive Children,* 11 B.U. PUB. INT. L.J. 97, 100 (Fall 2001)). As Judge Kravitz commented, that source lends no support. *Id.* Here, plaintiff also relies heavily on the Supreme Court's decision in *Washington v. Harper,* 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990), which concerned the nonconsensual administration of antipsychotic drugs to a prisoner, in an unconvincing attempt to distort the facts to create the impression that Michael was forcibly drugged.

■ As an initial matter, we note that in *Myslow* the plaintiffs dropped their § 1983 claims against the school district and its board of education presumably because, as the court there surmised, the plaintiffs had failed to plead an official custom or policy as required under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Despite plaintiff's argument that the School District is liable because the actions of Beyer and Merz, as high level officials, "embod[y], constitute[ ], or mirror[ ] the policy" of the School District (Pl. Mem. Opp. Mot. Dismiss at 13), the Amended Complaint is utterly devoid of any allegation regarding the policies or customs of the School District as it relates to pupil medication requirements, policies or practices. Nor does the Amended Complaint allege that Beyer and Merz hold positions of such responsibility that their actions could be

deemed as establishing the official policy or custom of the School District. While the Amended Complaint fails to state whether suit is brought against Beyer and Merz in their individual or official capacities, that bears little consequence given the paucity of factual allegations against them. The Amended Complaint lacks any allegation that either Beyer or Merz "created or implemented this policy, or possessed the requisite authority to establish policy on behalf of" the School District. *Bendel v. Westchester County Health Care Corp.*, 112 F.Supp.2d 324, 329 (S.D.N.Y. 2000). We therefore conclude that no claims against them in their official capacities could stand. *See id.; see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").

■ In any event, the Amended Complaint does not allege that either Beyer or Merz—or for that matter any defendant to this action—ever administered drugs to Michael. Rather, Drs. Liptay and Speicher merely prescribed medications that the Court can only conclude, based on the allegations in the Amended Complaint as well as Weather's own testimony before Congress, that Weathers herself filled and gave to her son. Indeed, the Court observes that there is not even an allegation that the School District defendants required Michael to take medication for ADHD as a condition to his attending school. Rather, plaintiff attempts to argue that the School District defendants "badgered and coerced [her] into consenting to medicate [Michael], and to keeping him on medications even after [Weathers] had decided that medication was inappropriate." *Myslow*, 2006 WL 473735, at *13. This contention, absent any allegations even remotely tending to support it, simply does not permit a § 1983 action to proceed against the School District defendants. "[T]he Court notes that [plaintiff's] constitutional claim is one for a violation of substantive due process, which requires a showing that School Defendants' conduct 'shocks the conscience.'" *Id.* at *14 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Plaintiff cannot meet that standard even if the allegations concerning the School District defendants' conduct could be stretched to support the idea that they encouraged Weathers to medicate her son. *See id.; compare Harper*, 494 U.S. 210, 110 S.Ct. 1028.

Accordingly, plaintiff's § 1983 action against the School District defendants is dismissed with prejudice.

### B. *State Law Claims*

■ Pursuant to N.Y. EDUC. LAW § 3813, a plaintiff must file a notice of claim as a condition precedent to initiating an action against a school district or its employees.[5] *See Putkowski v. Warwick Valley Cent. Sch. Dist.*, 363 F.Supp.2d 649, 653–54 (S.D.N.Y.2005). Plaintiff does not

---

5. N.Y. EDUC. LAW § 3813(1) states, in pertinent part:

No action or special proceeding, for any cause whatever ... against the district or any such school, ... shall be prosecuted or maintained against any school district, board of education, ... or any officer of a school district [or] board of education, ... unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment....

deny that she failed to comply with this requirement. Rather, she argues only that her request for an impartial hearing concerning the appropriateness of her son's free public education put the School District on constructive notice that state law tort-based claims would follow. (Pl. Mem. Opp. Mot. Dismiss at 19–20.) This argument is unpersuasive, especially in light of the New York Court of Appeals' pronouncement on the purpose and effect of N.Y. EDUC. LAW § 3813. "The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not disregard its pronouncement." *Parochial Bus Sys., Inc. v. Bd. of Educ. of the City of N.Y.,* 60 N.Y.2d 539, 549, 458 N.E.2d 1241, 1246, 470 N.Y.S.2d 564, 569 (1983) (citations omitted). Accordingly, the state law claims against the School District are dismissed. Nor does it appear that plaintiff can seek leave to file a notice of claim at this late date. *See Hilow v. Rome City Sch. Dist.,* No. 91 Cv. 567, 1994 WL 328625, at *9 (N.D.N.Y. June 29, 1994). However, Merz and perhaps Beyer as well are probably not entitled to dismissal under the same provision because they do not qualify as "officers" within the meaning of § 3813. *See Richards v. Calvet,* No. 99 Civ. 12172, 2005 WL 743251, at *13 (S.D.N.Y. Mar.31, 2005).

■ Regardless, the Court has serious doubts about the viability of plaintiff's negligence and lack of informed consent claims. Plaintiff argues that "[b]y voluntarily stepping into the role of medical provider," both Beyer and Merz undertook a duty of care toward Michael, which they allegedly breached, and "became responsible for discharging the duties that medical providers are required to discharge, including the obtainment of informed con-

sent." (Pl. Mem. Opp. Mot. Dismiss at 18–19.) This procrustean effort is unavailing.

■ To establish a prima facie case of negligence under New York law, a plaintiff must prove that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as the proximate result of that breach. *See Di Benedetto v. Pan Am World Serv., Inc.,* 359 F.3d 627, 630 (2d Cir.2004) (citing *Solomon v. City of New York,* 66 N.Y.2d 1026, 1027, 489 N.E.2d 1294, 499 N.Y.S.2d 392 (1985)). Generally, "the question of the existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal issue for the court to resolve." *Alfaro v. Wal–Mart Stores, Inc.,* 210 F.3d 111, 114 (2d Cir. 2000) (citing *Waters v. N.Y. City Hous. Auth.,* 69 N.Y.2d 225, 229, 505 N.E.2d 922, 513 N.Y.S.2d 356 (1987)).

■ "To establish a cause of action for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury." *Foote v. Rajadhyax,* 268 A.D.2d 745, 745, 702 N.Y.S.2d 153, 154–55 (3d Dep't 2000) (internal citations omitted).

Clearly, Beyer and Merz are not providers of professional medical treatment and there are no allegations in the Amended Complaint that satisfy a showing that they administered medication, prescribed medication or even recommended any type of medication. At best,

the Amended Complaint alleges that Michael suffered behavioral episodes while in a public school setting and that the School District defendants recommended that Weathers seek treatment for her son from medical professionals. This is insufficient as a matter of law to support a medical malpractice-rooted claim for lack of informed consent.

For the same reasons, the School District defendants cannot have owed a duty of care to Michael regarding use of medication and any attendant risks. Moreover, there are no allegations that the School District defendants required Michael to be medicated as a condition precedent to his education. Consequently, both state law claims against the School District defendants must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Millbrook Central School District, Fred Merz and Linda Beyer to dismiss the action pursuant to Fed. R.Civ.P. 12(c) brought by plaintiff Patricia Weathers, as parent and legal guardian of her minor son, plaintiff Michael M., is granted and all claims against those defendants are dismissed with prejudice.

SO ORDERED.